J-A18043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY  FITZGERALD | : | |
| | : | |
| Appellant | : | No. 1534 WDA 2021 |

Appeal from the PCRA Order Entered December 7, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0015801-2010

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED: NOVEMBER 17, 2022**

Anthony Fitzgerald appeals *pro se* from the order denying his third Post Conviction Relief Act ("PCRA") petition as untimely. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In May 2011, a jury convicted Fitzgerald of third-degree murder, and the trial court found him guilty of possession of firearm prohibited. The court sentenced him on September 26, 2011, to an aggregate term of 20 to 40 years' incarceration. Fitzgerald filed a post-sentence motion, which was denied. Fitzgerald appealed, and we affirmed his judgment of sentence. ***Commonwealth v. Fitzgerald***, No. 1744 WDA 2011, 2013 WL 11259299, unpublished memorandum at 1 (Pa.Super. filed July 5, 2013). The Pennsylvania Supreme Court denied Fitzgerald's petition for allowance of appeal on November 6, 2013. Fitzgerald thereafter filed two PCRA petitions, neither of which resulted in relief.

Fitzgerald filed the instant PCRA petition, *pro se*, on October 5, 2021. The PCRA court issued a notice of intent to dismiss the petition and thereafter, dismissed the petition as untimely. This appeal followed. Fitzgerald raises the following issues:

1. Whether there was [an] abuse of discretion for the common pleas court to dismiss[] the PCRA petition[?]

2. And why did not the counsel on appeal want to argue. . . ineffective assistance of trial counsel?

3. Was counsel very much ineffective assistance of counsel in many area's [sic][?]

Fitzgerald's Br. at vii.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

"Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final." **Commonwealth v. Greco**, 203 A.3d 1120, 1123 (Pa.Super. 2019). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's time limit is jurisdictional, and the court may not

ignore it to reach the merits of the petition. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence has become final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Fitzgerald's judgment of sentence became final on February 4, 2014, when his time to appeal to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13.1. Therefore, Fitzgerald had one year from that date, or until February 4, 2015, to timely file a PCRA petition. Since Fitzgerald filed the current PCRA petition on October 5, 2021,

it is facially untimely, and Fitzgerald bore the burden of pleading and proving at least one of the time-bar exceptions.

Preliminary, Fitzgerald's brief is in clear violation of Pennsylvania Rule of Appellate Procedure 2119(a), as the argument section does not correspond to the enumerated issues.[1] Further, the brief consists of rambling statements that are intermixed among the various issues he has presented. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa.Super. 2007) (internal citation omitted). If a deficient brief impedes this Court's ability to address any issue on review, "an issue that is not properly briefed in this manner is considered waived." ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa.Super. 2006).

Fitzgerald makes no cogent argument regarding any of the statutory exceptions to the time-bar. He vaguely mentions the unknown facts exception

---

[1] ***See*** Pa.R.A.P. 2119(a) (stating that in an appellate brief, "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part -- in distinctive type or in type distinctively displayed -- the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent").

in his reply brief,[2] when he states that a witness, "Ms. Byrd," recanted her testimony in an email sent to him on September 21, 2013. *See* Fitzgerald's Reply Br. at 8-9. However, Fitzgerald fails to develop or support this argument. It is therefore waived. ***See Commonwealth v. Thomas***, 215 A.3d 36, 51 (Pa. 2019).

Even if Fitzgerald had properly pleaded the unknown facts exception, which he did not, he fails to explain how his receipt of an email in 2013 renders his current PCRA petition, filed in 2021, timely. Nor does he allege that he was somehow not aware of this email despite the exercise of due diligence. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). As Fitzgerald failed to plead and prove an exception to the PCRA's time-bar, the PCRA court was without jurisdiction to entertain his substantive claims and properly dismissed his petition as untimely.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2022

_____

[2] Fitzgerald did not address the timeliness of his PCRA petition in his initial brief. However, this Court granted his request to file a reply brief, wherein he asserted that his petition was timely, evidently in response to the Commonwealth's argument that Fitzgerald's PCRA petition was untimely and not subject to any time-bar exception. *See* Fitzgerald's Reply Br. at 2-4.